**LAW OFFICES OF WILLIAM R. McGEE, APLC**
Kevin A. Alexander II, State Bar No. 034578
Kevin.LemonLaw@gmail.com
701 Palomar Airport Road, Suite 250
Carlsbad, California 92011
T: (760) 438-1047
F: (760) 438-1056

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| John A. Jarosi, | Case No.: |
| Plaintiff, | COMPLAINT FOR RESTITUTION AND DAMAGES |
| v. | |
| American Honda Motor Co., Inc., | [VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT] |
| Defendant. | |
| | <u>DEMAND FOR JURY TRIAL</u> |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

John A. Jarosi (hereinafter "Plaintiff") alleges as follows:

## JURISDICTION

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. section 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. section 2301 *et seq.* (hereinafter "Mag-Moss" of "Federal Lemon Law").

2. Plaintiff is a citizen of the State of Arizona, residing in Maricopa County.

3. Plaintiff is informed and believes, and thereon alleges, that at all times herein, American Honda Motor Co., Inc. (hereinafter "Defendant") is and was a foreign corporation and registered to do business in the State of Arizona and doing business in the County where Plaintiffs reside thereby making venue appropriate.

## GENERAL ALLEGATIONS

4. Plaintiff realleges and incorporates by reference paragraphs 1-3 in this Complaint.

1 - *COMPLAINT*

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships. Plaintiffs are further informed and believe, and thereon allege, that Defendant is the proper corporate entity defendant in the instant lawsuit.

6. Defendant is subject to the provisions of the Mag-Moss.

7. On or about August 22, 2018, Plaintiff purchased and/or leased a 2019 Acura RDX, vehicle identification number 5J8TC1H51KL005169 (hereinafter the "Subject Vehicle").

8. In connections with Plaintiff'S purchase of the Subject Vehicle, Defendant issued and supplied Plaintiffs with its written warranty.

9. The Subject Vehicle suffered from many different serious defect(s) and nonconformity(s) to warranty, included but not limited to the Subject Vehicle's navigation system being out of service for repair for an excessive number of days. The forgoing defect(s) and nonconformity(s) to warranty manifested themselves within the applicable express warranty.

10. Plaintiff delivered the Subject Vehicle to Defendant's authorized service and repair facility for repair of the aforementioned nonconformity(s) on numerous occasions.

11. Defendant has not and/or has refused to conform the Subject Vehicle to the applicable express and implied warranties after a reasonable number of attempts. The Subject Vehicle remains defective and nonconforming.

12. Plaintiff is a "consumer" pursuant to Mag-Moss.

13. The Subject Vehicle is a "consumer product" pursuant to Mag-Moss.

14. Defendant is a "supplier," "warrantor," and/or manufacturer pursuant to Mag-Moss.

15. Defendant issued a warranty to Plaintiffs, which is a "written warranty" pursuant to Mag-Moss.

///

16. By failure of Defendant to timely remedy the defects as alleged above, or to issue an refund or replacement, Defendant is in breach of its obligations under Mag-Moss.

17. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under Mag-Moss.

18. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with its obligations under Mag-Moss.

19. Plaintiff is entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

20. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For rescission of the contract and restitution of all consideration;

    b. For actual compensatory and general damages according to proof at time of trial;

    c. Prejudgment interest from date of rescission;

    d. For attorneys' fees incurred herein according to proof;

    e. For costs of suit incurred herein; and

    f. For such other and further relief as the Court deems just and proper.

**DATED:**  July 10, 2019      **LAW OFFICES OF WILLIAM R. McGEE**

By: /s/ Kevin A. Alexander II
**KEVIN A. ALEXANDER II**
Attorney for Plaintiff